| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without counsel*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER: |
|---|---|
| | CASE NO.: |
| Debtor(s). | DATE:<br>TIME:<br>CTRM:<br>FLOOR: |

## RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT
### (MOVANT: _____ )
### (RESPONDENT: ☐ Debtor   ☐ Trustee   ☐ Other: _____ )

---

***GENERAL NOTE:*** *A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

---

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   > ***NOTE:*** *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

   The reason for this request is *(specify)*:

*(Continued on next page)*

---

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 4001-1M.RES**

Response to Motion for Relief from Stay - *Page 2 of* ____          **F 4001-1M.RES**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

3. ☐ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a.  Respondent disputes the allegations/evidence contained in the Motion.  As shown in the Declaration(s) filed with this Response:

   ☐  The value of the Property is $_____, based upon (*specify*):


   ☐  Total amount of debt (loans) on the Property is $_____.

   ☐  More payments have been made to Movant than the Motion has accounted for.  True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☐  The Property is necessary for an effective reorganization.  Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐  The Property is insured.  A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☐  The Movant's description of the status of the unlawful detainer proceeding is not accurate.  See attached Declaration for Respondent's evidence.

   ☐  Respondent denies that this bankruptcy was filed in bad faith or improperly.  See attached Declaration containing Respondent's evidence.

   ☐  Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐  Service of the Motion:   ☐ Not all parties were served      ☐ Insufficient notice of the hearing

   ☐  Incorrect address used for (*specify*) _____

   ☐  Other (*specify*):

   b.  Respondent asserts:

   ☐  Case has been converted from Chapter _____ to Chapter _____.

   ☐  All postpetition arrears will be cured by the hearing date.

   ☐  The Debtor has equity in the Property in the amount of $_____.

   ☐  Movant has an equity cushion of $_____ which is sufficient to provide adequate protection.

   ☐  The Property is necessary for an effective reorganization because (*specify reasons why*):


   ☐  The Motion should be denied because (*specify*):


*(Continued on next page)*

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Response to Motion for Relief from Stay - *Page 3 of* ____      **F 4001-1M.RES**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

4. **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> **_NOTE RE SUPPORTING PAPERS_**: *Declarations in opposition to the Motion* **MUST** *be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.*

> **_NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS_**: *Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.*

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

☐ Declaration by Debtor                    ☐ Declaration by Debtor's Attorney

☐ Declaration by Trustee                   ☐ Declaration by Trustee's Attorney

☐ Declaration by Appraiser                 ☐ Memorandum of Points and Authorities *(optional)*

☐ Other *(specify)*:

Dated:

Respectfully submitted,

_____
*Respondent's Name*

_____
*Law Firm Name (if applicable)*

By: _____
*Signature*

Name: _____
*Attorney for Respondent or Pro Se Respondent*

---

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case 1:09-bk-22743-MT   Doc 43   Filed 02/11/10   Entered 02/11/10 23:11:23   Desc
Response to Motion for Relief from stay   Page 4 of 25

Main Document   Page 4 of 25

F 4001-1M.RES

| In re | (SHORT TITLE) | | CHAPTER: |
|---|---|---|---|
| | | Debtor(s). | CASE NO.: |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as ___Response to Motion to Terminate Stay_____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _2/11/2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ____2/11/2010_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/11/2010 | Shawn White | _Shawn White_ (signature) |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                  **F 4001-1M.RES**

**EXHIBIT A**

Name **Green & Campbell LLP**

Address **1777 Los Angeles Ave.**

**Simi Valley, CA  93065**

Telephone **(805) 306-1100** (FAX) **(805) 306-1300**

☒ Attorney for Debtor(s)
State Bar I.D. No. **251470**

☐ Debtor(s) in Pro Se (Any reference to the singular shall include the plural in the case of joint debtors.)

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years:<br><br>**Alcaraz, Lyla Kay**<br><br><br>**Alcaraz, Joe Cardoza** | Chapter 13 Case No. **1-09-bk-22743**<br><br>**AMENDED CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date: 11/04/2009**<br>**Time:  2:00 PM**<br>**Place: 21051 Warner Center Lane**<br><br>**CONFIRMATION HEARING:**<br>**Date: 12/08/2009**<br>**Time:  9:30 AM**<br>**Place: 21041 Burbank Blvd. RM 302 WH CA 91367** |

### NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Debtor proposes the following plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

Debtor submits the following to the supervision and control of the Chapter 13 trustee:

A. Payments by debtor of $ **1,350.00** per month for **60** months. This monthly payment will begin within 30 days of the date of the petition was filed.

B. The base plan amount is $ **81,000.00** which is estimated to pay **7.71** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| **None** | | | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: **None**

## II.  ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the plan or by court order, the Chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

   1. If there are Domestic Support Obligations, the order of priority shall be:

      (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

      (b) Administrative expenses (Class 1(a)) in an amount not exceeding **10.00** % of each Plan Payment until paid in full;

   2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding **10.00** % of each Plan Payment until paid in full.

   3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

   4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

   5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

Chapter 13 Plan (Rev. 11/06) – Page 3                                    2006 USBC, Central District of California

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $ | | $ | | $ |
| (3) Chapter 7 Trustee's Fees | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ | % | $ | | $ |

| CLASS 2 |
|---|

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

**Wells Fargo Hm Mortgag**                                    **2995**
(name of creditor)                                    (last 4 digits of account number)

_____                         _____
(name of creditor)                                    (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **Wells Fargo Hm Mortgag** | 2995 | $ 24,000.00 | % 6.00 | $ 1,206.34 | 21 | $ 25,333.04 |

| CLASS 3 |
|---|

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL
DURING THE TERM OF THE PLAN**

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| **Ventura County CU** | 0600 | $ 48,150.00 | $ 24,000.00 | % 7.85 | $ 1,138.98 | 26 | $ 29,613.38 |

| CLASS 4 |
|---|

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                                                              (last 4 digits of account number)

_____          _____
(name of creditor)                                                              (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **None** | | $ | % | $ | | $ |

| CLASS 5 |
|---|

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $ **17,953.58**.

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

**III.   COMPARISON WITH CHAPTER 7**

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **11,557.50** which is estimated to pay **4.96** % of the scheduled nonpriority unsecured debt.

**IV.  PLAN ANALYSIS**

| | |
|---|---|
| **CLASS 1a** | $          0.00 |
| **CLASS 1b** | $          0.00 |
| **CLASS 1c** | $          0.00 |
| **CLASS 2** | $     25,333.04 |
| **CLASS 3** | $     29,613.38 |

*Revised November 2006*                                                          **F 3015-1.1**

| CLASS 4 | $ | 0.00 |
|---|---|---|
| CLASS 5 | $ | 17,953.58 |
| SUB-TOTAL | $ | 72,900.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ | 8,100.00 |
| TOTAL PAYMENT | $ | 81,000.00 |

## V.   OTHER PROVISIONS

A.   The Debtor rejects the following executory contracts and unexpired leases.
**None**

B.   The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
**None**

C.   In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
**None**

D.   The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
**None**

E.   The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.   Miscellaneous provisions: (Use Attachment, if necessary)
**2nd Mortgage held by Wells Fargo acct ending in 1998 is unsecured and a motion will be filed to suspend payments and establish lien upon completion of the plan. Motion to value vehicle partially secured by VCCU loan ending in 0600 will also be filed. Vehicle will be paid through the plan.**

G.   The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.   The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.   REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: **November  3, 2009**                          **/s/ Shawn White**
_____
                                                      *Attorney for Debtor(s)*
                                                      **/s/ Lyla Kay Alcaraz**
_____
                                                      Debtor
                                                      **/s/ Joe Cardoza Alcaraz**
_____
                                                      Joint Debtor

**EXHIBIT B**

Shawn White, Esq. SBN 251470
Green & Campbell LLP
1777 E. Los Angeles St.
Simi Valley, California 93065
805-306-1100/Fax (805)306-1300

Attorney for Debtors/Movants.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re:<br><br>       Joe & Lyla Alcaraz<br><br>                Debtors/Movants. | Chapter 13<br><br>Case Number 1:09-bk-22743-MT<br><br>**OBJECTION TO THE ALLOWANCE VENTURA COUNTY CREDIT UNION PROOF OF CLAIM NUMBER 5 FILED ON OCTOBER 13 2009;MEMORANDUM AND POINTS OF AUTHORITY; DECLARATION OF JOE ALCARAZ**<br><br>Date: March 9 2010<br>Time: 09:00 AM<br>Place: 21041 Burbank Blvd.<br>      Courtroom 302<br>      Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE; ELIZABETH F. ROJAS, CHAPTER 13 TRUSTEE; VENTURA COUNTRY CREDIT UNION AND ALL OTHER PARTIES IN INTEREST:**

      Debtor respectfully Objects to the Proof of Claim Number 5, filed on October 13 2009 by Ventura County Credit Union against the Debtor's vehicle.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Joe and Lyla Alcaraz ("Debtors") filed the instant Chapter 13 case on September 29, 2009. Their plan proposes to pay VENTURA COUNTY CREDIT UNION("Creditor") $24,000.00 at the contract rate of interest of 7.85% on their 2007 Chevrolet Silverado 2500 HD Pickup Truck.

On or about 4/27/2007 Debtor entered in to a Motor Vehicle Purchase Money Security Agreement ( "Agreement").  The above described Agreement was assigned to VENTURA COUNTY CREDIT UNION in the regular course of business. At the time of filing the Creditor's secured claim was approximately $47,720.96 (See a true and correct copy of the Creditor's Proof of Claim filed on October 13, 2009 attached hereto as "Exhibit A").

The value of the vehicle, as of the date of filing of this case, was worth no more than $24,000.00 based on a Kelly Blue Book suggested retail value (See a true and correct copy of the Kelly Blue Book retail value attached hereto as "Exhibit B").  The Debtor's vehicle has $150,000 miles on in (See Declaration of Joe Alcaraz). The encumbrance by the Creditor's exceeds the suggested retail value of the Vehicle.  Therefore, the Creditor has a secured claim of $24,000.00, leaving the Creditor with wholly unsecured claim of $23,720.96.

Therefore, the Debtor Object's to the allowance of the Proof of Claim number 5, filed on October 13, 2009 by the Creditor.

# I.

## A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE VALUE OF THE COLLATERAL, AND UNALLOWED SECURED CLAIMS ARE THEREFORE, VOID

11 U.S.C. ~ 506(a) (1) of the Bankruptcy Code specifically states in pertinent part:

"An allowed claim of a creditor secured by a lien on the property in which the estate has an interest…is a **secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest**…is less than the amount of such allowed claim." (emphasis added).


11 U.S.C. ~ 506(a) (2) of the Bankruptcy Code specifically states in pertinent part:

"If the debtor is an individual in a case under chapter 7 or 13, such value with respect to the personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing.  With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."


# II.

## 910-DAY RULE DOES NOT APPLY

The 910 day rule states "section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and

the collateral for that debt consists of a motor vehicle (as defined in section 30110 of title 49)

acquired for the **personal use of the debtor**". (emphasis added)

In the case herein, the property to be retained in the Chapter 13 Plan was purchased 880 days

prior to filing for use in the Debtor's business. The Debtor runs a plastering business called

Plaster Systems and has put 150,000 miles on the Vehicle using it almost exclusively for moving

supplies and equipment to and from job sites (See Declaration of Joe Alcaraz).


## III.

## <u>CONCLUSION</u>

Because the Vehicle has been used primarily for the Debtor's business the 910-Day Rule

does not apply. The value of this property is $24,000.00 or less.  Therefore, the secured interest

of the Creditor is $24,000.00.  Thus, the unsecured claim of the Creditor is $23,720.96 and

should be treated as unsecured for the purposes of this Chapter 13.


WHEREFORE, the debtor prays as follows:

1. The Proof of Claim of VENTURA COUNTY CREDIT UNION be denied;

2. That VENTURA COUNTY CREDIT UNION amend its proof of claim;

3. For such other and further relief as the Court deems just and proper.


Dated: February 6, 2010                    Respectfully Submitted,

_____
                                           Shawn White, Esq.
                                           Attorney for Debtors


Objection to Proof of Claim Number 5

4

### SUPPORTING DECLARATION OF JOE ALCARAZ

I, Joe Alcaraz ("Debtor") who with My Wife Lyla filed Chapter 13 Case 1:09-bk-22743 (The "Case") on September 29, 2009, declare and state as follows:

1. I have personal knowledge of the facts stated in this declaration and could and would testify thereto if called as a witness. I am the owner of the 2007 Chevrolet Silverado ("The Vehicle") at issue in this case   and disclosed it in the bankruptcy schedule B. At the time the Case was filed it was done to stay the foreclosure of our residence and to enable us to reorganize our financial affairs, including our business expenses and assets.

2. My wife and I operate Plaster Systems as sole proprietors. Plaster Systems provides plastering services and materials on construction projects. We purchased the Chevrolet at the price of $ . At that time The Vehicle was financed by the loan from Ventura County Credit Union.

3. Since The Vehicle was purchased it has been used almost exclusively for business hauling supplies and equipment to various job sites. As a result the vehicle has almost 150,000 miles on it.

4. Due to the general decline in the economy, the vehicles usage, and vehicle depreciation in general, the value of The Vehicle  has substantially declined in value to a point where it no longer secures the security interest of the loan held by Ventura County Credit Union.

I declare under penalty of penalty that the foregoing are true and correct.

Executed on February 5, 2010 at Simi Valley California.

Joe Alcaraz

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Objection to Proof of Claim Number 5

COPY

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Central District Of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  JOE CARDOZA ALCARAZ | Case Number:  1:09-bk-22743-MT |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):  VENTURA COUNTY CREDIT UNION | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:  VENTURA COUNTY CREDIT UNION  PO BOX 6920  6026 TELEPHONE ROAD  VENTURA CA 93003-5399  **FILED**  **OCT 13 2009**  CLERK U.S. BANKRUPTCY COURT  CENTRAL DISTRICT OF CALIFORNIA  BY:_____ Deputy Clerk | Court Claim Number:_____  *(If known)*  Filed on:_____ |
| Telephone number:  (805) 477-4049 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where payment should be sent (if different from above):  Telephone number: | ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $ 47,720.96 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | Specify the priority of the claim. |
| If all or part of your claim is entitled to priority, complete item 5. | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **2. Basis for Claim:** secured loan  (See instruction #2 on reverse side.) | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). |
| **3. Last four digits of any number by which creditor identifies debtor:** 1090 | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| 3a. Debtor may have scheduled account as:_____  (See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)**  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| Nature of property or right of setoff: ☐ Real Estate  ☑ Motor Vehicle  ☐ Other  Describe:_____  Value of Property: $ 47,720.96  Annual Interest Rate 7.850% | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ 1146.33  Basis for perfection: pymt history, system title  Amount of Secured Claim: $ 47,720.96  Amount Unsecured: $_____ | |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**  $_____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date:  10/7/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  BOBBIE NERI-IREY COLLECTION OFFICER | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## Account 0001071090 Collection Info                    10/07/2009

| | | | |
|---|---|---|---|
| **JOE C ALCARAZ**<br>718 CALLE JAZMIN<br>THOUSAND OAKS, CA 91360 | Home: | 714-280-4705 | SSN: **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** |
| | Work: | 714-476-0548 | Date of Birth: **12/02/57**<br>E-mail: |

**Warning Codes:** DELINQUENT LOAN, BANKRUPTCY,

■ **Share 01: PRIMARY SHARE**

Balance:          5.00    Available:        0.00

■ **Loan 60: 2007 CHEV SIL/BK13FILED 9/29/9**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Monthly Payment: | 1,191.19 | DQ Amount: | 1,146.33 | Due Date: | 09/14/2009 | Late Charge Due: | 0.00 | Days Past Due: | 23 |
| Payment Req to Make Current: | 2,337.52 | Last Pmt: | 09/11/2009 | Partial Payment: | 44.86 | | | | |
| Balance: | 47,720.96 | Original Date: | 05/02/2007 | Original Amount: | 57,872.08 | | | | |

## Bobbie Neri-Ibe

**From:** MJ Malbas
**Sent:** Wednesday, October 07, 2009 2:04 PM
**To:** Bobbie Neri-Ibe
**Subject:** RE: 1071090 L60 Alcaraz

| | | | | | | |
|---|---|---|---|---|---|---|
| VIN | 1GCHK23657F521568 | | | Financed | 05/17/2007 | Tech | *MMM* |
| Status | *Perfected Title* | | | DMV Work | 05/15/2007 | |
| Borrower | ALCARAZ JOE 718 CALLE JAZMIN THOUSAND OAKS, CA 91360 | | | Imported | 05/16/2007 | |
| | | | | Added | 05/17/2007 | |
| | | | | Perfected | 05/17/2007 | |
| | | | | Payoff | / / | Tech |
| Borrower Home Phone | | | | Released | / / | |
| | | | | Release Type | | |
| Borrower Work Phone | | | | Exported | / / | |
| Branch | | Acct # | 1071090 | DMV Response | / / | Code |
| Loan # | | Suffix | 60 | DMV Deleted | / / | |
| Owner | ALCARAZ JOE | | | Expires | / / | |
| Lienholder | VENTURA CNTY CU | | | FDI Assigned User | | FDI Action Date | / / |
| Dealer ID | | | | | | |
| Year | 2007 | Make | CHEV | Lienholder Assigned User | | Lienholder Action Date | / / |
| License | 8F50254 | Title # | | Misc. | | |
| Body | PK | Vehicle Type | VEH | State | CA | **Electronic** |
| Registration Expiration | 080430 | | | | | |
| Account Type | | Loan Type | **Vehicle** | | | |

| Edit | More Details | Assign User/Action Date | Save Note | Release | ExplodeVIN |
|---|---|---|---|---|---|

**Notes**

---

Record Activity for VENTURA CNTY CU

OTTS - Status changed to PT on 05/17/2007 02:14:05 PM by Mary Malbas
VTTS - Status changed to PL on 05/16/2007 10:13 PM by FDI

**From:** Bobbie Neri-Ibe
**Sent:** Wednesday, October 07, 2009 2:02 PM
**To:** MJ Malbas

10/7/2009

## 0001071090 Loan 60: 2007 CHEV SIL/BK13FILED 9/29/9 Transaction Summary          10/07/2009

| Post Date | ID | Eff Date | Transacti... | Trans Amt | Balance... | Int/... | Fees | New Balance | Description | Prev Availa... |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/23/2... | L 60 | 09/23/2... | Insuranc... | 360.00 | 360.00 | 0.00 | 0.00 | 47,720.96 | INSURANCE AD... | 0.00 |
| | | | Check Received 1,200.00 | | | | | | | |
| | | | %% PartialPmt 36.05 to 44.86 | | | | | | | |
| 09/11/2... | L 60 | 09/11/2... | Check P... | 1,200.00 | -789.13 | 403.... | 7.00 | 47,360.96 | | 0.00 |
| | | | Check Received 1,200.00 | | | | | | | |
| | | | %% PartialPmt 27.24 to 36.05 | | | | | | | |
| 08/03/2... | L 60 | 08/03/2... | Check P... | 1,200.00 | -981.67 | 211.... | 7.00 | 48,150.09 | | 0.00 |
| | | | Check Received 1,200.00 | | | | | | | |
| | | | %% PartialPmt 18.43 to 27.24 | | | | | | | |
| 07/14/2... | L 60 | 07/14/2... | Check P... | 1,200.00 | -838.35 | 354.... | 7.00 | 49,131.76 | | 0.00 |
| | | | Check Received 1,200.00 | | | | | | | |
| | | | %% PartialPmt 9.62 to 18.43 | | | | | | | |
| 06/11/2... | L 60 | 06/11/2... | Check P... | 1,200.00 | -886.74 | 306.... | 7.00 | 49,970.11 | | 0.00 |
| | | | Check Received 1,192.00 | | | | | | | |
| | | | %% PartialPmt 8.81 to 9.62 | | | | | | | |
| 05/14/2... | L 60 | 05/14/2... | Check P... | 1,192.00 | -840.33 | 344.... | 7.00 | 50,856.85 | | 0.00 |
| | | | Check Received 1,200.00 | | | | | | | |
| | | | %% PartialPmt 0.00 to 8.81 | | | | | | | |
| 04/13/2... | L 60 | 04/13/2... | Check P... | 1,200.00 | -731.37 | 461.... | 7.00 | 51,697.18 | | 0.00 |
| 03/16/2... | L 60 | 03/16/2... | Insuranc... | 240.00 | 240.00 | 0.00 | 0.00 | 52,428.55 | INSURANCE AD... | 0.00 |
| | | | Check Received 1,184.38 | | | | | | | |
| | | | %% PartialPmt 6.81 to 0.00 | | | | | | | |
| 03/03/2... | L 60 | 03/03/2... | Check P... | 1,184.38 | -891.98 | 285.... | 7.00 | 52,188.55 | | 0.00 |
| | | | Check Received 1,198.00 | | | | | | | |
| | | | %% PartialPmt 0.00 to 6.81 | | | | | | | |
| 02/06/2... | L 60 | 02/06/2... | Check P... | 1,198.00 | -843.08 | 347.... | 7.00 | 53,080.53 | | 0.00 |
| | | | Check Received 1,191.19 | | | | | | | |
| 01/07/2... | L 60 | 01/07/2... | Check P... | 1,191.19 | -877.75 | 306.... | 7.00 | 53,923.61 | | 0.00 |
| | | | Check Received 1,191.19 | | | | | | | |
| 12/12/2... | L 60 | 12/12/2... | Check P... | 1,191.19 | -837.17 | 347.... | 7.00 | 54,801.36 | | 0.00 |
| | | | Check Received 1,184.38 | | | | | | | |
| 11/13/2... | L 60 | 11/13/2... | Check P... | 1,184.38 | -752.90 | 424.... | 7.00 | 55,638.53 | | 0.00 |
| | | | Check Received 1,191.19 | | | | | | | |
| 10/09/2... | L 60 | 10/09/2... | Check P... | 1,191.19 | -839.55 | 344.... | 7.00 | 56,391.43 | | 0.00 |
| | | | Check Received 1,191.00 | | | | | | | |
| 09/11/2... | L 60 | 09/11/2... | Check P... | 1,191.00 | -710.47 | 473.... | 7.00 | 57,230.98 | | 0.00 |
| | | | Check Received 1,191.19 | | | | | | | |
| 08/04/2... | L 60 | 08/04/2... | Check P... | 1,191.19 | -741.02 | 443.... | 7.00 | 57,941.45 | | 0.00 |
| 07/01/2... | L 60 | 07/01/2... | Insuranc... | -6,686.00 | -6,686.00 | 0.00 | 0.00 | 58,682.47 | INSURANCE AD... | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 06/30/2... | L 60 | 06/30/2... | Check P... | 900.62 | -496.98 | 396.... | 7.00 | 65,368.47 | | 0.00 |
| | | | Check Received 808.24 | | | | | | | |
| 06/02/2... | L 60 | 06/02/2... | Check P... | 808.24 | -178.94 | 622.... | 7.00 | 65,865.45 | | 0.00 |
| 05/07/2... | L 60 | 05/07/2... | Insuranc... | 10,029.00 | 10,029.00 | 0.00 | 0.00 | 66,044.39 | INSURANCE AD... | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 04/16/2... | L 60 | 04/16/2... | Check P... | 900.62 | -584.13 | 316.... | 0.00 | 56,015.39 | | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 03/21/2... | L 60 | 03/21/2... | Check P... | 900.62 | -642.09 | 258.... | 0.00 | 56,599.52 | | 0.00 |
| 02/29/2... | L 60 | 02/29/2... | Cash Pa... | 1,000.00 | -632.04 | 360.... | 7.00 | 57,241.61 | | 0.00 |
| 01/31/2... | L 60 | 01/31/2... | Cash Pa... | 900.62 | -504.41 | 389.... | 7.00 | 57,873.65 | | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 12/31/2... | L 60 | 12/31/2... | Check P... | 900.62 | -418.85 | 474.... | 7.00 | 58,378.06 | | 0.00 |
| 12/17/2... | L 60 | 12/17/2... | Insuranc... | -7,124.00 | -7,124.00 | 0.00 | 0.00 | 58,796.91 | INSURANCE AD... | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 11/26/2... | L 60 | 11/26/2... | Check P... | 900.62 | -309.61 | 584.... | 7.00 | 65,920.91 | | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 10/16/2... | L 60 | 10/16/2... | Check P... | 900.62 | -384.85 | 515.... | 0.00 | 66,230.52 | | 0.00 |
| | | | Check Received 900.62 | | | | | | | |
| 09/10/2... | L 60 | 09/10/2... | Check P... | 900.62 | -558.81 | 341.... | 0.00 | 66,615.37 | | 0.00 |
| 09/04/2... | L 60 | 09/04/2... | Insuranc... | 10,686.00 | 10,686.00 | 0.00 | 0.00 | 67,174.18 | INSURANCE AD... | 0.00 |

## 0001071090  Loan 60: 2007 CHEV SIL/BK13FILED 9/29/9 Transaction Summary      10/07/2009

| Post Date | ID | Eff Date | Transacti... | Trans Amt | Balance... | Int/... | Fees | New Balance | Description | Prev Availa... |
|-----------|-----|----------|--------------|-----------|------------|---------|------|-------------|-------------|----------------|
| | | | Check Received 900.62 | | | | | | | |
| 08/14/2... | L 60 | 08/14/2... | Check P... | 900.62 | -411.13 | 489.... | 0.00 | 56,488.18 | | 0.00 |
| | | | Check Received 1,801.24 | | | | | | | |
| 07/05/2... | L 60 | 07/05/2... | Check P... | 1,801.24 | -972.77 | 821.... | 7.00 | 56,899.31 | | 0.00 |
| | | | Check 01 500285995 Disbursed 57,872.08 | | | | | | | |
| 05/02/2... | L 60 | 05/02/2... | Check N... | 57,872.08 | 57,872.08 | 0.00 | 0.00 | 57,872.08 | | 0.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Objection to Proof of Claim Number 5



Home > Car Classifieds

## Used 2007 Chevrolet Silverado 2500 Pickup For Sale in 93065

**Refine Your Search**

Displaying 1-10 of about 10

Sort by [ Best Match ]

**Your search:** clear all
Make: Chevrolet    clear
Model: Silverado 2500 Pickup    clear
Year: 2007    clear
Location: 93065    clear

Radius: [ 75 miles ]
Make: [ Chevrolet ]
Model: [ Silverado 2500 ]

☐ Show only Certified Pre-Owned Vehicles

**Trim**
LS         3
LT         3
LT1        1
unknown    3

**Color**
White      8
Gray       1
Red        1

**Fuel Type**
Gasoline   9
Diesel     1

**Features**
Air Conditioning    9
Anti-lock Brakes    9
Power Steering      9
CD                  8
Cruise Control      7
Power Locks         7
Power Windows       7
Intermittent Wipers 6
More »

Previous | **1** | Next



**2007 CHEVROLET SILVERADO 2500HD LT**
Mileage: 43,442
Exterior color: White
Engine: 8 Cyl
Transmission: Automatic
Drive Type: 2WD

**$22,630**
Blue Book® Certified Pre-Owned Value: Get Value
Phone: 800-989-3942
Location: Orange, CA
Distance: 63 miles away
Get More Info ▶

Free CARFAX Report

**2007 CHEVROLET SILVERADO 2500HD LT**
Mileage: 13,474
Exterior color: Red
Engine: 8 Cyl
Transmission: Automatic
Drive Type: 2WD

**$23,790**
Blue Book® Certified Pre-Owned Value: Get Value
Phone: 800-989-3942
Location: Orange, CA
Distance: 63 miles away
Get More Info ▶

Free CARFAX Report

**2007 CHEVROLET SILVERADO 2500HD**
Mileage: 34,618
Exterior color: White
Interior color: Black
Engine: 8 Cyl
Transmission: Automatic

**$24,990**
Blue Book® Suggested Retail Value: Get Value
Phone: 866-618-2586
Location: Irvine, CA
Distance: 72 miles away
Get More Info ▶

Get A CARFAX Report

**2007 CHEVROLET SILVERADO 2500HD CLASSIC LS**
Mileage: 28,812
Exterior color: White
Engine: 8 Cyl
Transmission: Automatic
Drive Type: 2WD

**$34,295**
Blue Book® Certified Pre-Owned Value: Get Value
Location: Santa Paula, CA
Distance: 18 miles away
Get More Info ▶

Free CARFAX Report



**2007 CHEVROLET SILVERADO 2500HD LT1**
Mileage: 27,459
Exterior color: White
Engine: 8 Cyl
Transmission: Automatic
Drive Type: 4WD

Blue Book® Suggested Retail Value: Get Value
Location: Claremont, CA
Distance: 61 miles away

- advertisement -

Latest Car News
Geneva Auto Show: 2011 Kia Sportage
More News



- advertisement -

**GM Certified**
MEANS
**No Worries.**
▶ Learn more

Free CARFAX Report

SHOWCASE DEALER

**Santa Paula Chevrolet**



Location: Santa Paula, CA     1.866.326.8882

---

**2007 CHEVROLET SILVERADO 2500HD LT**                                    **$26,415**

**Mileage:** 33,000                 Blue Book® Suggested Retail
**Exterior color:** Gray           **Value:** Get Value
**Engine:** 8 Cyl                   **Location:** Bellflower, CA
**Transmission:** Automatic         **Distance:** 45 miles away
**Drive Type:** 2WD

Get More Info ›

Get A CARFAX Report

---

**2007 CHEVROLET SILVERADO 2500HD LS**                                    **$18,999**



**Mileage:** 48,269                 Blue Book® Suggested Retail
**Exterior color:** White          **Value:** Get Value
**Interior color:** Gray           **Location:** Corona, CA
**Engine:** 8 Cyl                   **Distance:** 73 miles away
**Transmission:** Automatic
**Drive Type:** 2WD                 Get More Info ›

Get A CARFAX Report

---

**2007 CHEVROLET SILVERADO 2500HD**                                       **$24,445**



**Mileage:** 50,726                 **Location:** Bakersfield, CA
**Exterior color:** White          **Distance:** 70 miles away
**Engine:** 8 Cyl
**Transmission:** Automatic         Get More Info ›
**Drive Type:** 4WD

Free CARFAX Report

---

**2007 CHEVROLET SILVERADO 2500HD**                          NEWLY LISTED   **$17,950**



**Mileage:** 41,353                 Blue Book® Suggested Retail
**Exterior color:** White          **Value:** Get Value
**Interior color:** Gray           **Dealer:** Reynolds Pontiac Buick
**Engine:** 8 Cyl                   GMC
**Transmission:** Automatic         **Location:** West Covina, CA
**Drive Type:** 2WD                 **Distance:** 49 miles away

Blue Seal Listing                   Get More Info ›

Free CARFAX Report

---

**2007 CHEVROLET SILVERADO 2500HD LS**                                    **$15,950**

**Mileage:** 41,893                 Blue Book® Suggested Retail
**Exterior color:** White          **Value:** Get Value
**Interior color:** Black          **Dealer:** Reynolds Pontiac Buick
**Engine:** 8 Cyl                   GMC
**Transmission:** Automatic         **Location:** West Covina, CA
**Drive Type:** 2WD                 **Distance:** 52 miles away

Blue Seal Listing                   Get More Info ›

Free CARFAX Report

---

Previous | 1 | Next